IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,<br>  *Plaintiff*,<br><br>v.<br><br>SHELTER CORPORATION, ANAIS ROSA-CRUZ, and JOSE GRANADOS-ROSA,<br>  *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:21-cv-45 |

**PLAINTIFF**
**ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Endurance American Specialty Insurance Company ("Endurance") seeks declaratory and other relief against Shelter Corporation ("Shelter"), Anais Rosa-Cruz and Jose Granados-Rosa (Ms. Rosa-Cruz and Mr. Granados-Rosa are collectively referenced as "Claimants") as follows:

**PARTIES**

1. Endurance is a Delaware corporation with a principal place of business in New York, New York.

2. Shelter is a Minnesota corporation with a principal place of business located at 1600 Hopkins Crossroad, Minnetonka, Minnesota 55305. Shelter may be served with a summons and complaint through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

3. Anais Rosa-Cruz is an individual who lives in San Antonio, Texas. She may be served with a summons and this Complaint at 8840 Timber Path, Apt. #107, San Antonio, Texas 78250, or at 2140 E. Southlake Blvd., Southlake, Texas 76092, or wherever else she may be found.

4. Jose Granados-Rosa is an individual who lives in San Antonio, Texas. He may be served with a summons and this Complaint at 8840 Timber Path, Apt. #107, San Antonio, Texas 78250, or wherever else he may be found.

## JURISDICTION

5. This Complaint is premised upon the Court's diversity of citizenship jurisdiction under 28 U.S.C. §1332(a) because: (a) this insurance coverage dispute arises between citizens of different states, (b) Endurance is completely diverse from all Defendants, and (c) the amount in controversy is alleged to exceed $75,000, exclusive of interest and costs. Specifically, Endurance is a citizen of the states of Delaware and New York for diversity purposes, while the Defendants collectively are citizens of Minnesota and Texas. This liability insurance coverage suit arises out of an Underlying Lawsuit in which the damages sought are alleged to greatly exceed $75,000, exclusive of interest and costs. This Court's exercise of jurisdiction based upon diversity of citizenship is appropriate.

## VENUE

6. Venue for this suit is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint occurred in this district. Specifically, the Underlying Lawsuit (described more fully below) out of which this insurance coverage action arises is pending in state district court in San Antonio, Bexar County, Texas, and the Incident (described below) out of which this insurance coverage action arises took place at an apartment complex location in San Antonio, Bexar County, Texas.

7. Alternatively, venue is proper in this Court under 28 U.S.C. §1391(b)(3) because one or more of the Defendants is subject to personal jurisdiction within this district and division. Specifically, Shelter is the property manager for the San Antonio, Texas apartment complex where the Incident that is the subject of the Underlying Lawsuit took place. Shelter has been sued, and has appeared and answered in the Bexar County, Texas Underlying Lawsuit out of which this coverage action arises. In addition, both Claimants are residents of San Antonio, Texas, and they have sued Shelter and others in state court within this district for alleged torts committed in Bexar County, Texas in the Underlying Lawsuit at an apartment complex located in Bexar County, Texas.

## FACTS

### *The Underlying Lawsuit*

8. In this insurance coverage suit, Endurance seeks a determination from this Court that it has no duty to defend or indemnify Shelter, or to pay any settlement or judgment against Shelter, with respect to a pending personal injury suit filed as Cause No. 2019-CI-20293, styled *Anais Rosa-Cruz and Jose Granados-Rosa v. TPI Construction & Painting, Inc. d/b/a TPI Painting, Inc., Anthony Garcia Estrada d/b/a American Legends Roofing & More, and Shelter Corporation*, pending in the 407th Judicial District Court of Bexar County, Texas (the "Underlying Lawsuit").

9. The Underlying Lawsuit arises out of a September 16, 2019 incident that took place at the Doral Club Apartments, located at 7750 Culebra Road in San Antonio, Bexar County, Texas (the "Project"). At approximately 11:30 a.m. on that date, Claimant Anais Rosa-Cruz was walking her dog through the parking lot of the Project when a loaded forklift ran into her (the "Incident"). Claimant Rosa-Cruz was injured, and both Claimants subsequently initiated the Underlying Lawsuit against Shelter and others, seeking damages related to this Incident.

10. Shelter was the property manager for the apartment Project at the time of this Incident, and at that time, the Project was undergoing extensive construction and renovations that included Project-wide roof replacements on 13 buildings within the Project. Specifically, on March 25, 2019, prior to the Incident, TPI Construction & Painting ("TPI") submitted a $338,000.00 construction bid proposal to Shelter for a work scope described as "Roof replacement at Buildings 1-11, Office & Laundry" at the Project. Shelter signed and accepted this bid proposal on July 18, 2019 (the "TPI Contract"), and the construction work commenced. A true copy of the TPI Contract is attached to this Complaint as *Exhibit A*. On September 16, 2019, the Incident date, a TPI employee was operating the forklift, in furtherance of the Project-wide construction and renovation activities described in the TPI Contract, when the forklift struck Ms. Rosa-Cruz.

11. On September 25, 2019, Claimants, as plaintiffs, filed the Underlying Lawsuit against TPI and others. The Second Amended Original Petition, filed in the Underlying Lawsuit on December 13, 2019, was the first pleading that named Shelter as a defendant. A true copy of Plaintiffs' Second Amended Original Petition (the "2nd Petition") is attached to this Complaint as *Exhibit B*. Upon receiving notice of the 2nd Petition, Endurance provided Shelter a defense to the Underlying Lawsuit under the Policy, and Endurance continues to provide Shelter a defense, subject to a complete reservation of rights. On November 11, 2020, the Claimants filed a Third Amended Original Petition (the "3rd Petition"), a copy of which is attached to this Complaint as *Exhibit C*. Claimants amended their pleadings again on January 8, 2021 to file their Fourth Amended Original Petition (the "4th Petition") in the Underlying Lawsuit. A true copy of the 4th Petition is attached to this Complaint as *Exhibit D*. As of the date of filing this Complaint, the 4th Petition is the live pleading in the Underlying Lawsuit. Endurance reserves the right to amend this Complaint should additional pleadings be filed in the Underlying Lawsuit.

12. TPI is a full-service construction firm that specializes in painting, roofing and renovation services for multi-family residential projects. Shelter hired TPI for the "roofing renovation work" at the Project.[1] Claimants allege that, "[w]hile performing work on the [Project], the forklift operator, Richard Fonseca, suddenly and without notice or warning, while operating the forklift in a dangerous manner, negligently struck and ran over Anais Rosa-Cruz' person as she was walking her dog".[2] The 4th Petition alleges that "TPI rented a forklift so that the roofing debris could be relocated to a site which, in coordination with Shelter, was selected for debris dumping".[3] The 4th Petition states that damages "in excess of $50,000,000" are sought against Shelter, TPI, and the other named parties to the Underlying Lawsuit.[4] Claimants also seek punitive and exemplary damages against Shelter.[5]

### *The Endurance Policy*

13. Endurance issued a Commercial General Liability Policy number PGL 10009257303 for a policy period of June 1, 2019 to June 1, 2010 (the "Endurance Policy" or the "Policy"). A true copy of the Endurance Policy is attached to this Complaint as *Exhibit E* and is incorporated by reference in its entirety.

14. Shelter is a named insured under the Policy.

15. The Project location, 7750 Culebra Road, San Antonio, Texas 78251, is a scheduled "Premises" and an "Owned Location" within the Policy's "Limitation of Coverage to Designated Premises or Project" endorsement (CG 21 44 07 98) (the "Designated Premises Endorsement"). The Designated Premises Endorsement further provides:

---

[1] Ex. D, 4th Petition at ¶14.
[2] Ex. D, 4th Petition at ¶14.
[3] Ex. D, 4th Petition at ¶14.
[4] Ex. D, 4th Petition at ¶27.
[5] Ex. D, 4th Petition at ¶21.

> This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:
>
> 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
>
> 2. The project shown in the Schedule.
>
> ***

16. The Policy includes a "Section I – Coverages, Coverage A - Bodily Injury and Property Damage Liability Insuring Agreement" (CG 00 01 04 13) (the "Insuring Agreement"), providing that Endurance "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' … to which this insurance applies…," provided that the "'bodily injury' is caused by an 'occurrence'...."  The Policy's Insuring Agreement includes "the right and duty to defend the insured against any 'suit'…" seeking covered damages, subject to the entirety of the Policy's terms, provisions, definitions, conditions, and exclusions.  The Policy's Insuring Agreement also states that, "Damages because of 'bodily injury' include damages claimed by any person … for care, loss of services or death resulting at any time from the 'bodily injury'".

17. The Policy is subject to a $1,000,000 each occurrence limit, a $2,000,000 general aggregate limit, and a $2,000,000 products/completed operations aggregate limit. A $10,000 deductible per occurrence applies to the Incident.  Potential coverage to Shelter for its ultimate liability, if any, to the Claimants relative to the Incident is limited to $1,000,000, subject to satisfaction of the Policy's deductible obligation and applicable Policy aggregate limitations.

18. The Policy incorporates a "Designated Work/Designated Ongoing Operations Exclusion Endorsement" (EGL 0561 0214) (the "Designated Work Exclusion") that provides:

**DESIGNATED WORK/DESIGNATED ONGOING OPERATIONS EXCLUSION ENDORSEMENT**

**This endorsement changes the policy, please read it carefully.**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SCHEDULE**

| |
|---|
| **Description of Designated Ongoing Operation(s) and/or Your Work** |
| Any construction or renovation related activity except for janitorial or maintenance type work. |

The following exclusion is added to paragraph **2.**, Exclusions of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages)**:

This insurance does not apply to "bodily injury" or "property damage":

**1.** arising out of the ongoing operations described in the schedule of this endorsement; or
**2.** included in the "products-completed operations hazard" and arising out of "your work" described in the schedule of this endorsement.

This exclusion applies regardless of whether the operations are conducted by you or on your behalf or whether the operations are conducted for yourself or others.

This endorsement does not change any other provision of this policy.
\*\*\*

19. The Incident described in the Underlying Lawsuit clearly arises out of the ongoing, Project-wide construction and renovation work at the Project that TPI was doing under the TPI Contract. The Designated Work Exclusion defeats coverage to Shelter with respect to the Incident and the Underlying Lawsuit, and Endurance seeks an appropriate declaration based upon the Designated Work Exclusion.

20. The Policy incorporates an "Exclusion – Designated Professional Services" endorsement (CG 21 16 04 13) (the "Professional Services Exclusion") that limits potential coverage as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – DESIGNATED PROFESSIONAL SERVICES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **Description Of Professional Services** |
|---|
| 1.  Any and all professional services provided by or on behalf of the insured |

7

> Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional services.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional service.
\*\*\*

21.     As alleged in the Underlying Lawsuit and as the evidence supports, this Incident arises out of the operation of a commercial forklift during Project-wide construction and renovation activities for which a professional construction contractor (TPI) was retained and as to whose work Claimants contend that Shelter is liable. Shelter is the property manager at the Project who retained TPI. The Professional Services Exclusion applies to the Incident and the Underlying Lawsuit allegations, and Endurance seeks an appropriate declaration as to the Professional Services Exclusion.

22.     The Policy also includes an "Exclusion - Punitive And/Or Exemplary Damage" endorsement (EGL 0528 0811) (the "Punitive Damages Exclusion") that provides:

**EXCLUSION – PUNITIVE AND/OR EXEMPLARY DAMAGE**

**This endorsement changes the policy, please read it carefully.**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
PRODUCTS/COMPLETED OPERATIONS COVERAGE FORM
LIQUOR LIABILITY COVERAGE FORM

This insurance does not apply to damages assessed for Punitive and/or Exemplary Damages. If a "suit" shall have been brought against you for a claim falling within the coverage provided by this policy, seeking both compensatory and punitive or exemplary damages, we will afford a defense to such action, but we shall not have an obligation to pay any cost, interest or damages attributed to punitive or exemplary damages.

This endorsement does not change any other provision of the policy.
\*\*\*

8

23. Claimants seek exemplary damages against Shelter in the Underlying Lawsuit, but the Policy's Punitive Damages Exclusion defeats any coverage for any such damages. Endurance seeks an appropriate declaration of non-coverage based upon the Punitive Damages Exclusion.

24. The Endurance Policy incorporates certain "Other Insurance" conditions affecting coverage, including the following:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
> …
> **4. Other Insurance**
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:
>
> **a. Primary Insurance**
>
> This insurance is primary except when Paragraph **b.** below applies. …
>
> **b. Excess Insurance**
>
> **(1)** This insurance is excess over:
>
> **(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:
>
> **(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";
>
> …
>
> **(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.
>
> **(2)** When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
>
> \*\*\*

25. In the event that Shelter is entitled to recognition as an additional insured under any other primary insurance policy relative to the Lawsuit, the Endurance Policy is excess to such other policy(ies). Endurance seeks an appropriate declaration from this Court based upon the Policy's "Other Insurance" conditions and applicable law, as the facts may support it.

26. The Policy includes an "Exclusion – Designated Operations Covered By A Consolidated (Wrap-Up) Insurance Program" endorsement (CG 21 54 01 96) (the "Wrap-Up Exclusion") that provides:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – DESIGNATED OPERATIONS COVERED BY
A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Description and Location of Operation(s)**:

All projects
…

The following exclusion is added to paragraph **2.,** Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" at the location described in the Schedule of this endorsement, as a consolidated (wrap-up) insurance program has been provided by the primary contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

**(1)**   Provides coverage identical to that provided by this Coverage Part;
**(2)**   Has limits adequate to cover all claims; or
**(3)**   Remains in effect.
\*\*\*

27. In the event that a "wrap-up" program was in place for the construction work at the Project, the Endurance Policy would not provide coverage to Shelter for the Underlying Lawsuit.  Endurance seeks an appropriate declaration from the Court based upon the Policy's Wrap-Up Exclusion.

**CAUSE OF ACTION: DECLARATORY JUDGMENT**

28. Endurance reasserts and incorporates all allegations with paragraphs 1-27.  All conditions precedent to Endurance's claims in this suit have occurred, have been met, or have been

10

excused. Endurance has complied with any and all conditions precedent required of it under the Policy and applicable laws. FED. R. CIV. P. 9(c).

29. Endurance seeks a declaration under the federal Declaratory Judgment Act, 28 U.S.C. §§2201-2202, as to its rights and obligations under the Policy in the context of the Underlying Lawsuit. A dispute has arisen as to whether coverage is afforded under the Policy for the Underlying Lawsuit. Under the terms and conditions of the Policy, Endurance does not owe a duty to defend or indemnify Shelter with respect to the Underlying Lawsuit. Endurance seeks appropriate declarations that withdrawal from Shelter's defense is appropriate under the Policy and applicable law, that no ongoing obligation to defend Shelter in the Underlying Lawsuit exists under the Policy and applicable law, and that no duty to indemnify Shelter exists with respect to the Underlying Lawsuit.

30. Endurance seeks appropriate declarations and asks this Court to enter judgment that:

(a) the Policy's Designated Work Exclusion defeats coverage, in whole or in part, relative to the Underlying Lawsuit;

(b) the Policy's Professional Services Exclusion defeats coverage, in whole or in part, relative to the Underlying Lawsuit;

(c) the Policy's Punitive Damages Exclusion defeats coverage, in whole or in part, for any punitive or exemplary damages in the Underlying Lawsuit;

(d) the Policy's "Other Insurance" conditions make the Endurance Policy excess to any other primary insurance policy in which Shelter is entitled to coverage as an additional insured;

(e) the Policy's Wrap-Up Exclusion defeats coverage to Shelter for the Underlying Lawsuit claims;

(f) Endurance owes no duty to defend Shelter, and Endurance's withdrawal from Shelter's defense to the Underlying Lawsuit is not a breach of the Policy or any other duty owed under applicable law;

(g) Endurance is not obligated to pay or fund any such judgment, settlement, or final resolution of the Underlying Lawsuit;

(h) Claimants have no rights or remedies against Endurance under the Policy as to any judgment, settlement or other resolution of the Underlying Lawsuit, at any time; and,

(i) Endurance is entitled to all other legal and equitable relief consistent with these declarations under applicable law.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Endurance American Specialty Insurance Company prays that:

(a) This Court grant Endurance all relief requested in this Complaint;

(b) All costs of suit be taxed against Defendants; and,

(c) Endurance be granted all other relief at law or in equity to which it may be entitled.

Respectfully submitted,

/s/ *Jill A. Schaar*
Jill A. Schaar
Texas Bar No. 17719870
jschaar@lockelord.com
Locke Lord LLP
600 Travis, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)

**ATTORNEYS FOR PLAINTIFF ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY**